UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 1:12 CR 300 |
| | 1:14 CV 1892 |
| Plaintiff, | |
| vs. | JUDGE DAN AARON POLSTER |
| MILEN ZHELYAZKOV MARINOV, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

Before the Court is the *pro se* Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 filed by Petitioner Milen Zhelyazkov Marinov (**ECF No. 1**) ("Petition"). For the reasons to follow, the Motion is **DENIED** and the case is summarily dismissed.

I.

On September 4, 2012, Marinov entered a guilty plea, pursuant to a written plea agreement, to one count access device fraud, in violation of 18 U.S.C. §§ 1029(a)(1). On November 29, 2012, he was sentenced to 14 months imprisonment, followed by two years of supervised release. See Case No. 1:12CR300, ECF Nos. 22 ("*Judgment and Commitment*") and 16 ("*Plea Agreement*"). The Court concluded that Marinov was at adjusted offense level 12, Criminal History Category I (10-16 months).

On August 26, 2014, Marinov filed the instant § 2255 Petition, arguing that his trial counsel was constitutionally ineffective, and that there was prosecutorial misconduct in his case. While the petitioner references conduct of Greg Robey, Marinov's counsel in this case, most of the allegations concern Michael Krejci, Marinov's retained counsel in a subsequent federal criminal case in the Northern District of Virginia.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Furthermore, federal habeas petitions are subject to a one-year period of limitation:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it

is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court to take such other action as the judge deems appropriate.

*Id*. The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Marinov is not entitled to relief in the district court for the following reasons.

### III.

First and foremost, Marinov's petition is time-barred. Marinov was sentenced November 29, 2012, and the Judgment and Commitment Order was issued November 30, 2012. Marinov did not appeal (pursuant to his plea agreement he had waived his right to appeal). He did not file his § 2255 petition until August 26, 2014, nearly 21 months later and well beyond the one-year stature of limitations.

Even if the petition were not time-barred it is without merit. Most of Marinov's allegations concern a subsequent federal prosecution in Virginia and the actions of his retained attorney in that case, Michael Krejci, and the prosecutor. Those allegations have nothing to do with anything that occurred in the Northern District of Ohio case. The only reference to the Virginia matter came during the November 29, 2012 sentencing hearing when the Assistant U.S. Attorney advised the Court that she had just learned earlier that day of an arrest warrant in Virginia alleging that Marinov had committed fraudulent conduct in Virginia Beach between October 21 and October 24, 2012. (11/28/12 Sentencing Hg. Tr. at 5-6.) The Court specifically

stated that it would not consider the warrant in determining Marinov's sentence. (Id. at 9-10.)

At the change of plea hearing, the Court carefully covered the plea agreement with Marinov. The transcript reflects that Marinov had the assistance of a court-certified telephonic interpreter, Yonco Mermersky.[1] Marinov expressly acknowledged his fraudulent conduct. The Plea Agreement contained a stipulated Advisory Guidelines computation (Doc # : 16 ¶ 15) and a proviso that both parties would recommend a sentence within the stipulated Advisory Guidelines range, and that neither party would recommend a departure or variance (id. ¶ 13). At the November 28, 2012 sentencing hearing, the Court adopted the recommended Advisory Guidelines range, and sentenced Marinov within the Guidelines range.

All of the allegations in Marinov's petition concern conduct that allegedly occurred in Virginia at a subsequent time related to a prosecution, conviction and sentence in Virginia. At the change of plea hearing, Marinov expressly stated that he was satisfied with attorney Robey's representation. (9/4/12 Change of Plea Hg. Tr. at 11.) If Marinov believes the conduct of Mr. Krejci or the prosecutor in his Virginia case was constitutionally deficient, he must raise those allegations elsewhere.

Accordingly, the Motion to Vacate, Set Aside or Correct sentence, pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**Dan Aaron Polster**
**United States District Judge**

---

[1] Marinov advised the Court that someone had "a lot of times" previously discussed, explained and translated the plea agreement so he could understand it. (9/4/12 Change of Plea Hg. Tr. at 3.)